```
                 IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MISSOURI
                         SOUTHERN DIVISION


    UNITED STATES OF AMERICA,    )
                                 )
                      Plaintiff, )
                                 )
                         vs.     )  No. 10-5036-01-CR-S-RED
                                 )
    ROBERT E. ALLEN,             )  November 19, 2010
                                 )
                      Defendant  )  Springfield, Missouri



                      CHANGE OF PLEA HEARING
                 BEFORE THE HONORABLE RICHARD E. DORR
                    UNITED STATES DISTRICT JUDGE




APPEARANCES:
FOR THE PLAINTIFF:           MR. JAMES J. KELLEHER
                             U.S. ATTORNEY'S OFFICE
                             901 St. Louis Street, Ste. 500
                             Springfield, MO  65806



FOR THE DEFENDANT:           MS. MICHELL M. LAW
                             FEDERAL PUBLIC DEFENDER'S OFFICE
                             901 St. Louis Street, Ste. 801
                             Springfield, MO  65806



COURT REPORTER:              MS. JEANNINE RANKIN,CSR,CCR,RPR
                             U.S. COURT REPORTER
                             222 N. Hammons Parkway
                             Springfield, MO  65806
```

Proceedings reported by stenography; transcript produced by computer.

```
 1                    USA v. ROBERT E. ALLEN
 2                  CASE NO. 10-CR-5036-RED-1
 3                    CHANGE OF PLEA HEARING
 4                      NOVEMBER 19, 2010
 5                      *  *  *  *  *  *
 6           THE COURT:  We're here for a change of plea for
 7   Robert Allen.  As I understand it, there's no plea agreement,
 8   it's going to be to the indictment; is that right?
 9           MS. LAW:  That's correct, Your Honor.
10           THE COURT:  Mr. Allen, the indictment, I'm going to
11   read it to you just so there's no doubt about what it is
12   you're pleading to.  The indictment says, "On or between
13   July 15, 2010, and August 17, 2010, in Stone and Jasper
14   Counties in the Western District of Missouri, and elsewhere,
15   Robert E. Allen, defendant herein, a person required to
16   register under the Sex Offender Registration and Notification
17   Act, traveled in interstate commerce and did knowingly fail to
18   register or update a registration as required by the Sexual
19   Offender Registration and Notification Act, in violation of
20   Title 18, United States Code, Section 2250(a)."
21           Is that what you understand you're going to plead
22   guilty to?
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  All right.  Place the defendant under
25   oath.
```

| | |
|---|---|
| 1 | (Defendant duly sworn by courtroom deputy.) |
| 2 | THE COURT: Sir, how old are you? |
| 3 | THE DEFENDANT: Forty-five. |
| 4 | THE COURT: And tell me the extent of your |
| 5 | education. |
| 6 | THE DEFENDANT: GED. |
| 7 | THE COURT: Would it be fair to say that you can |
| 8 | read, write and understand the English language? |
| 9 | THE DEFENDANT: Yes, sir. |
| 10 | THE COURT: Are you now under the influence of any |
| 11 | alcohol, drugs or medication? |
| 12 | THE DEFENDANT: Blood pressure. |
| 13 | THE COURT: Just blood pressure medication? |
| 14 | THE DEFENDANT: Other than that, no other drugs. |
| 15 | THE COURT: All right. Do you consider yourself |
| 16 | competent to enter a plea of guilty in this case today? |
| 17 | THE DEFENDANT: Yes, sir. |
| 18 | THE COURT: Do you now have or in the past have you |
| 19 | ever been diagnosed with any mental disease? |
| 20 | THE DEFENDANT: No, sir. |
| 21 | THE COURT: Counsel, do you have any doubt about the |
| 22 | defendant's competence to enter a plea of guilty in this case |
| 23 | today? |
| 24 | MS. LAW: No, Your Honor. |
| 25 | THE COURT: All right. Mr. Allen, by pleading |

3

guilty you're going to waive some rights that you would otherwise have. These include the right to a jury trial, the right to counsel at trial, the right to a presumption of innocence. The prosecutor would have the burden of proving that you're guilty beyond a reasonable doubt. You would have the right to call your own witnesses at trial. You would have the right to confront and cross-examine witnesses against you. You could present any defenses you had to the charges against you. You could use the subpoena power of the Court to cause witnesses to be present at trial. You would not be compelled to testify against yourself. The jury verdict would have to be unanimous, meaning all 12 jurors would have to agree that you're guilty before you could be found guilty. And if you were found guilty, you would have the right to appeal that jury verdict of guilty. However, by pleading guilty today, you waive all of those rights. Do you understand what?

THE DEFENDANT: Yes, sir.

THE COURT: Now, when I look at the indictment here it says that by statute the sentence that you can receive in this case can be not more than 10 years of custody, not more than three years of supervised release, not more than a $250,000 fine. This is a Class C felony. There will be a $100 mandatory special assessment that would be due at sentencing. Do you understand that?

THE DEFENDANT: Yes, sir.

1    THE COURT:  Now, let me ask counsel or probation.
2 Class C felony here.  If he violates supervised release,
3 what's the additional sentencing available, three and two?
4    MR. KELLEHER:  No, Your Honor.
5    THE COURT:  Two and three?
6    MR. KELLEHER:  Term of supervised release is five
7 years to life.  If he violates the conditions of supervised
8 release, he will be subject to up to two years of
9 imprisonment; however, if he commits any criminal offense
10 under Chapter 109, 110 or 117 or Section 1201 or 1591 for
11 which imprisonment for a term longer than one year can be
12 imposed, the Court is obligated to revoke the term of
13 supervised release and require the defendant to serve a term
14 of imprisonment of not less than five years.  That is, if the
15 defendant commits what would be characterized as an ordinary
16 violation, he would be subject to up to two years of
17 additional imprisonment; however, if he committed an offense
18 under those chapters which are sex offenses, for the most part
19 he would be looking at a sentence of no less than five years.
20    THE COURT:  And then in regard to additional
21 supervised release, what would that be?
22    MR. KELLEHER:  Up to life.
23    THE COURT:  Okay.  Less any amount of custody that
24 he got?
25    MR. KELLEHER:  Correct.

1          THE COURT:  Could you calculate that for me?
2          MR. KELLEHER:  I don't think I can.
3          THE COURT:  Mr. Allen, what we're talking about is
4  that if your sentence includes a period of supervised release
5  and you violate a term or condition of your supervised
6  release, the Court at that time could revoke it.  And if the
7  Court did that, the Court then could sentence you to an
8  additional period of imprisonment.  If it's just an ordinary
9  offense, not a sexual-related offense, then that would be not
10 more than two years of additional prison time, custody time.
11 But if it's one of those offenses that he enumerated -- were
12 those references to sections within a chapter?
13         MR. KELLEHER:  They're sections and chapters.  The
14 chapters and sections pertain to sex offenses within --
15         THE COURT:  Okay.  Those that he recited, then you
16 would be looking at not less than five years if your
17 supervised release was revoked.  And then in addition to the
18 custody, the Court at that time could sentence you to an
19 additional period of supervised release which is defined as up
20 to life but less any amount of additional imprisonment that
21 you got.
22         Now, do you understand all that?
23         THE DEFENDANT:  Yes, sir.
24         THE COURT:  Okay.  Do you also understand that when
25 we get to sentencing that I will be the person who makes the

```
 1  final determination as to what your sentence will be?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  Has anyone made any promises to you
 4  about what they say I will or won't do at that time?
 5          THE DEFENDANT:  No, sir.
 6          THE COURT:  Do you understand that once I accept
 7  your plea of guilty today that I will not let you later
 8  withdraw it just because you tell me you've changed your mind?
 9          THE DEFENDANT:  Correct.
10          THE COURT:  Has anyone tried to pressure you or
11  coerce you into making this plea of guilty?
12          THE DEFENDANT:  No, sir.
13          THE COURT:  Have you had sufficient time to consult
14  with your attorney about this decision to plead guilty?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  Are you satisfied with the
17  representation you have received from your counsel?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  I'm going to have the United States
20  Attorney summarize the evidence the government says it would
21  present if this case went to trial.  Listen to what he says,
22  because then I'm going to ask you if you agree the government
23  would be able to present that evidence and, secondly, I'm
24  going to ask you if you did the things he's going to say that
25  you did.
```

1    MR. KELLEHER: Had this case proceeded to trial, the
2    government would have established that on or about
3    September 28th of 1987, the defendant, Robert Eugene Allen,
4    pled guilty to one count of lewd molestation in violation of
5    Oklahoma Revised Statute 21-1123, Paragraph 2. Mr. Allen was
6    sentenced to three years in the Oklahoma Department of
7    Corrections. That sentence was suspended and he was placed on
8    probation for a period of three years.
9    Mr. Allen was returned to Creek County District
10   Court in Sapulpa, Oklahoma, and his probation was revoked on
11   February 3rd of 1992 and he was sentenced to serve 30 months
12   in the Oklahoma Department of Corrections. Mr. Allen was
13   discharged from the Oklahoma Department of Corrections with
14   his sentence completed with no additional supervision to be
15   served.
16   On or about January 29 of 2010, the defendant was
17   subsequently arrested and incarcerated in the state of
18   Mississippi. While incarcerated he was notified in writing by
19   the Mississippi Department of Corrections of his duty to
20   register in that state and received a copy and signed an
21   acknowledgment of a convicted sex offender's duty to register.
22   The defendant first registered as a sex offender on
23   February 9, 2010, after his release from the Mississippi
24   Department of Corrections on February 4th of 2010. At that
25   time he was provided with and signed another acknowledgment of

a convicted sex offender's duty to register when he registered at the Jackson County, Mississippi, sheriff's office in Pascagoula, Mississippi. A copy of the form was provided to the defendant at that time. The defendant last registered his address as 616 Plum Street in Ocean Springs, Mississippi, on February 9, 2010.

On May 18, 2010, the Jackson County, Mississippi, sheriff's office filed an affidavit charging the defendant with failure to update his registration. The sheriff's office conducted an investigation to locate the defendant and learned that he was not and had not been living at the address he had given to the Jackson County sheriff's office. There is no record of the defendant registering as a sex offender in any state or territory after February 9, 2010.

On July 15, 2010, the defendant purchased a Harley-Davidson motorcycle from Cycle Connection in Joplin, Jasper County, Missouri. The government would be able to present witnesses who would attest to the fact that the defendant was residing at the EconoLodge in Branson West, Stone County, Missouri, as early as August 5th or 6th, 2010. The defendant continued living at that address until he moved to the Edgewater Villa Resort in Kimberling City on August 13 in 2010. The defendant was arrested at the Edgewater Villa Resort by members of the United States Marshals Service, Southern Missouri Fugitive Task Force, on August 17, 2010.

1    The defendant is required to register as a sex
2    offender in the state of Missouri pursuant to Missouri Revised
3    Statute 589.400, Paragraph 7, which states, "Any person who is
4    a resident of this state who has since July 1, 1979, or is
5    hereafter convicted of, been found guilty of, or pled guilty
6    to, or nolo contendre in any other state or foreign country or
7    under federal, tribal or military jurisdiction to committing,
8    attempting to commit, or conspiring to commit an offense
9    which, if committed in this state, would be a violation of
10   Chapter 566 RSMO, or a felony violation of any offense listed
11   in Subdivision 2 of this subsection or has been or is required
12   to register in another state or has been or is required to
13   register under tribal, federal, or military law.  The
14   defendant has not registered as a sex offender in Stone
15   County, Missouri, and has never been registered as a sex
16   offender at any time in the state of Missouri.
17          THE COURT:  Mr. Allen, do you agree that the
18   government could present this evidence if the case went to
19   trial?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Did you do the things he just said you
22   did?
23          THE DEFENDANT:  I would like to say one thing in
24   regards to what he said.
25          THE COURT:  All right.

1    THE DEFENDANT:  Yes, I did register when I bonded
2 out, it was required, in February, and I did register at the
3 616 Plum Street address in Ocean Springs, Mississippi.  I was
4 not with the lady.  I did not live at that address and I had
5 not lived at that address since '06 when I got out.  And
6 whenever I registered, I had to give an alternate address,
7 which was a Louisiana address.  When I went back to -- for my
8 90-day reregister in May, they told me because I lived in
9 Louisiana that I didn't have to register there any more.  So
10 I'm trying -- in the process of trying to get that straight.
11 So, I mean, I'm in a catch-22.  Whenever I got out of
12 Oklahoma; I didn't have to register.  I went straight to
13 Louisiana; I didn't have to register.  Louisiana revoked my
14 probation that I had prior to my sentence in Oklahoma and
15 whenever I got out there, I paroled to Mississippi where my
16 ex-wife lived.  I've never had to register.
17    But I just wanted the Court to know that on my
18 behalf so I can get the paperwork and present it and maybe
19 sometime here down the road I can get this straight.  For over
20 23 years, I've never had to register.
21    THE COURT:  I don't know all the ins and outs of
22 this but when you say get it straight, you're about to plead
23 guilty to --
24    THE DEFENDANT:  Right.  I still have that down
25 there, you know.

11

1     THE COURT: -- a crime here.
2     THE DEFENDANT: I understand here -- I'll plead
3  guilty to my part up here, but I just want the Court to know
4  that I am trying to get that straight down there.
5     MS. LAW: I think -- if I may?
6     THE COURT: Okay.
7     MS. LAW: Mr. Allen has two separate things going at
8  once. He has the federal charge here and then he also has an
9  issue in the state of Mississippi where they have charged him
10 with failing to register. And I think what he is saying is
11 that he has a factual dispute with the authorities in the
12 state of Mississippi. Based on my conversations with them, I
13 think he acknowledges that he did have a duty at one time to
14 register in the state of Mississippi and since he was living
15 here in Missouri, he was also required to register here and he
16 failed to do so.
17    THE COURT: All right. You understand what your
18 counsel just said, Mr. Allen?
19    THE DEFENDANT: Yes, sir.
20    THE COURT: Is that basically what you're telling
21 me?
22    THE DEFENDANT: I mean, I just don't want to hang
23 myself in one spot and be left open to hang myself in another
24 spot.
25    THE COURT: But you're not contesting the

12

```
 1  Missouri --
 2          THE DEFENDANT:  No.  No, no.  I just want it on --
 3  if I could have that on the record that --
 4          THE COURT:  Everything's on the record.
 5          THE DEFENDANT:  -- I put that for, you know, then I
 6  would, you know, whatever I have to do to get that straight.
 7          THE COURT:  Well, everything here is on the record.
 8          THE DEFENDANT:  (Nods head.)
 9          THE COURT:  All right.  So with what you just said,
10  other than the qualification do you agree the government could
11  present the rest of this evidence?
12          THE DEFENDANT:  Yes, sir, I do.
13          THE COURT:  And that you did the things that they
14  say you did here in Missouri in particular?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  All right.
17          Counsel, have you had sufficient discovery of the
18  government's case to enable you to adequately advise your
19  client in regard to this decision to plead guilty?
20          MS. LAW:  Yes, Your Honor.
21          THE COURT:  State for the record why it's in the
22  defendant's best interest to plead guilty today.
23          MS. LAW:  I think it's in Mr. Allen's best interest
24  to plead guilty because I think the government's case against
25  him is strong.  Most notably I think the government's evidence
```

13

regarding the written notices that Mr. Allen was provided in the state of Mississippi would bear heavily on the issue of his knowledge of his requirement to register. Both of those documents have his signature acknowledging his duty to register. And so I think -- if the case went to trial, I think it's very likely the government would be able to convict him. And we all know how federal sentencing works and there's a concept called acceptance of responsibility and it's my hope that by accepting responsibility that that will mitigate his sentence here in court.

THE COURT: Okay.

I now ask you, Mr. Allen, how do you plead to the indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Court accepts your plea of guilty. The Court orders a presentence investigation to be completed. The Court finds that the defendant understands the charge against him and the consequences of his plea. The defendant has been advised of his rights, understands them and voluntarily and intelligently waives those rights. The defendant has been ably and competently assisted by his attorney. The defendant suffers from no mental disease or defect now or at the time the crime was committed. The defendant's decision to plead guilty has been made freely and voluntarily and without coercion. The Court finds there is a factual basis for the

14

1  plea, and the Court finds that beyond a reasonable doubt the
2  defendant is guilty of the crime charged.
3        Now, you'll remain in custody. A presentence
4  investigation will be conducted and a report will be provided
5  to you to review with counsel. You'll have a chance to make
6  any objections or corrections that you think are appropriate.
7  When that process is completed, then you'll appear here again
8  for sentencing.
9        Anything further by the government?
10       MR. KELLEHER: No, Your Honor.
11       THE COURT: Or defense counsel?
12       MS. LAW: No, Your Honor. Thank you.
13       THE COURT: Thank you.
14       (Court stands in adjournment at 10:30 a.m.)

<u>CERTIFICATE</u>

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

<u>*s:/Jeannine M. Rankin*</u>

Date:                    Jeannine M. Rankin, CCR, CSR, RPR